UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---

ANTHONY WHITE,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, P.O. SCOTT SCHULMAN, Shield No. 20833, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-2, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                        Defendants.

CV 14 - 6515

COMPLAINT

JURY TRIAL DEMANDED

AMON, CH.J.
GOLD, M.J.

---

Plaintiff, ANTHONY WHITE, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**, as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff, ANTHONY WHITE, is, and has been, at all relevant times, a resident of the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.  At all times hereinafter mentioned, the individually named defendants, P.O. SCOTT SCHULMAN and POLICE OFFICERS "JOHN DOE" 1 through 2, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about April 13, 2014, at approximately 12:30 a.m., plaintiff ANTHONY WHITE, was lawfully driving in the vicinity of Flatbush Avenue and Church Avenue in Kings County in the State of New York.

14. At that time and place, the individually named defendant officers were conducting a traffic checkpoint, and plaintiff was ordered to pull over.

15. Plaintiff complied with the defendants' order and complied with every subsequent lawful order issued by them.

16. During this time, plaintiff asked the defendants several questions about the reasoning and legality of the traffic stop.

17. The officers took plaintiff's information and the documents he provided, and took them to their own vehicle.

18. After some time, plaintiff exited his vehicle, stood next to it, and began videotaping the officers while trying to get their attention.

19. The officers had not told plaintiff he could not exit the vehicle, and they did not initially take issue with his having left the vehicle.

20. However, shortly thereafter, one of the defendant officers noticed the plaintiff was videotaping them.

21. At that point, one of the defendant officers yelled at the plaintiff, and the remaining defendant officers rushed toward plaintiff.

22. The defendant officers grabbed plaintiff's phone from him, pushed him against a fence, and handcuffed his arms tightly behind his back.

23. At no time on or about April 13, 2014 did plaintiff commit any crime or violation of law.

24. At no time on or about April 13, 2014 did defendants possess probable cause to arrest plaintiff.

25. At no time on or about April 13, 2014 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

26. Nevertheless, defendants thereafter transported plaintiff to a nearby precinct.

27. Plaintiff was thereafter held for approximately thirty-six hours before being presented before a judicial officer who ordered plaintiff released on his own recognizance.

28. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Kings County District Attorney's Office.

29. As a result of the defendants' conduct, the plaintiff, ANTHONY WHITE, was charged with Failure to have Proof of Financial Security, Obstructing Governmental Administration in the Second Degree, and Disorderly Conduct.

30. Despite defendants' actions, after making approximately three court appearances, the proceedings against plaintiff were adjourned in contemplation of dismissal on October 2, 2014.

31. As a result of the foregoing, plaintiff ANTHONY WHITE sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiff ANTHONY WHITE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

39. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## FIRST AMENDMENT RETALIATION UNDER 42 U.S.C. § 1983

40. Plaintiff ANTHONY WHITE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

41. Plaintiff was arrested in the absence of probable cause or privilege for engaging in speech protected by the First Amendment of the Constitution of the United States.

42. Defendants' actions, as described above, effectively chilled the exercise of plaintiff's

Constitutionally protected right to free speech.

43. As a result of the foregoing, plaintiffs' liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF FOR
## DENIAL OF RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983

44. Plaintiff ANTHONY WHITE repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

45. Defendants fabricated knowingly false material evidence and forwarded said evidence to prosecutors at the Kings County District Attorney's Office.

46. As a result, plaintiff suffered deprivation of his liberty, as he was required to make numerous court appearances to contest the false accusations against him.

47. As a result of the foregoing, plaintiffs' liberty was restricted, he was put in fear for his safety, and he was humiliated, without probable cause.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

48. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

49. Defendants arrested, searched, and incarcerated plaintiff ANTHONY WHITE, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate their constitutional rights.

50. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

52. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iv. failing to properly train police officers in the requirements of the United States Constitution.

53. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

   ii. arresting individuals regardless of probable cause in order to positively affect precinct-wide statistics;

   iii. falsifying evidence and testimony to support those arrests;

   iv. falsifying evidence and testimony to cover up police misconduct.

54. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, ANTHONY WHITE.

55. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

57. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was placed under arrest unlawfully.

58. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

59. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

**WHEREFORE**, the plaintiffs respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
October 30, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: MATTHEW SHROYER (MS-6041)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020